**Christopher H. Kent, OSB #852530**
Email: ckent@kentlaw.com
**Leslie S. Johnson, OSB #954727**
Email: ljohnson@kentlaw.com
**KENT & JOHNSON, LLP**
1500 SW TAYLOR STREET
PORTLAND, OREGON  97205
TELEPHONE:  (503) 220-0717
FACSIMILE:  (503) 220-4299
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORPORATION, a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALLEGIANCE TELECOM INTERNATIONAL, INC., a Delaware Corporation; ALLEGIANCE TELECOM OF OREGON, INC., a Delaware Corporation; COMCAST PHONE OF OREGON, LLC, a Delaware Limited Liability Company; ELECTRIC LIGHTWAVE, LLC, a Delaware Limited Liability Company; ESCHELON TELECOM, INC., a Delaware Corporation; ESCHELON TELECOM OF OREGON, INC., a Minnesota Corporation; INTEGRA TELECOM OF OREGON, INC., an Oregon Corporation,<br><br>          Defendants. | No. 3:10-cv-180-PK<br><br>**AMENDED COMPLAINT**<br>**(Breach of Implied Contract; Quantum Meruit; Declaratory Relief (28 U.S.C. § 2201 and ORS § 20.010))**<br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff North County Communications Corporation alleges as follows:

**PAGE 1 –   AMENDED COMPLAINT**

**INTRODUCTORY STATEMENT**

1. Plaintiff is a competitive local phone company, or "CLEC", that provides switched and non-switched local exchange, exchange access, and other telecommunications services to end users in Oregon. Competitive Local Exchange Carrier ("CLEC") is a wireline telephone company providing local exchange service (local telephone service) that is not one of the former monopoly local phone companies (i.e. Qwest, AT&T, etc.).

2. Defendants are CLEC providers that offer calling plans allowing calls to areas serviced by North County Communications Corp. ("North County").

3. The Defendants' end users make "local" calls to North County's end users.

4. Carriers have a duty of reciprocal compensation for this type of "local" traffic where the carrier of the end user who originates or "makes" the call pays the carrier who terminates the call to its end user who "receives" the call.

5. This reciprocal compensation of carriers has traditionally been set by carriers filing a schedule of rates (commonly referred to as a "Tariff"). Oregon has chosen not to use a tariff system for CLEC's. Instead Oregon handles intercarrier compensation through private contract or use of informal price lists and good faith that carriers will pay for services performed in the absence of contract.

6. North County has interconnection agreements with other CLEC's and incumbent local exchange carriers (former monopoly LEC's) such as Qwest Corp.

7. North County has a public official price list available to any interconnecting carrier stating its rates for this reciprocal compensation, a copy of which is attached hereto as Exhibit 1, and it is incorporated herein by reference as if set forth verbatim. This price list was published to the Oregon Public Utilities Commission as is always available from North County directly.

8. North County has served invoices on Defendants for terminating traffic to North County's end users.

9. Defendants have not paid these invoices and continue to terminate traffic to North County. North County is required to interconnect with Defendants and accept traffic from them and is now in the position of having to collect for services rendered and ensure payment for future call termination services.

## JURISDICTION AND VENUE

10. This action is brought under Oregon state law, to recover damages and the costs of suit, including reasonable attorneys' fees, against the Defendants for the injuries plaintiff, North County Communications Corp. (hereinafter referenced as "North County") received in the State of Oregon. The exchanges of local telecommunications traffic for which fair compensation is owed occurred wholly within the state of Oregon, and a substantial portion of which in Multnomah County. This action is also brought under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 (a).

11. At all times relevant to this complaint the defendants were registered with the Secretary of State to do business in the State of Oregon, and were in fact doing business in Multnomah County.

## PARTIES

12. Plaintiff NORTH COUNTY COMMUNICATIONS CORPORATION, a California corporation, is a competitive local exchange carrier ("CLEC") that provides telecommunications services in Multnomah County and throughout Oregon pursuant to the Telecommunications Act of 1996 and Oregon state law.

13. Plaintiff is informed and believes that ALLEGIANCE TELECOM INTERNATIONAL, INC. is a Delaware Corporation and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

14. Plaintiff is informed and believes that ALLEGIANCE TELECOM OF

PAGE 3 –   AMENDED COMPLAINT

OREGON, INC. is a Delaware Corporation and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

15. Plaintiff is informed and believes that COMCAST PHONE OF OREGON, LLC is a Delaware Limited Liability Company and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

16. Plaintiff is informed and believes that ELECTRIC LIGHTWAVE, LLC is a Delaware Limited Liability Company and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

17. Plaintiff is informed and believes that ESCHELON TELECOM, INC. is a Delaware Corporation and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

18. Plaintiff is informed and believes that ESCHELON TELECOM OF OREGON, INC. is a Minnesota Corporation and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

19. Plaintiff is informed and believes that INTEGRA TELECOM OF OREGON, INC. is an Oregon Corporation and was, at all times relevant to this Complaint, doing business in Multnomah County, Oregon.

## FACTUAL ALLEGATIONS

20. Congress in 1996, as part of the continuing introduction of competition into telephony services, passed the Telecommunications Act of 1996, Pub. LA. No. 104-104, 110 Stat. 56 (1996) (the "Act"). Prior to the Act, local phone service was run by monopolies, now referred to as Incumbent Local Exchange Carriers ("ILEC's") The Act allowed new companies, called Competitive Local Exchange Carriers ("CLEC's"), to compete with the ILEC's and other CLEC's in providing local telephony service.

21. Plaintiff is a CLEC that provides switched and non-switched local exchange, exchange access, and other telecommunications services to end users in

Oregon.

22. Defendants are other CLEC providers that offer calling plans allowing calls to end users serviced by North County.

23. The Defendants' end users make local area and intraLATA calls to North County's end users. Local Access and Transport Area ("LATA") is a regional subdivision of the United States used solely in wireline telephony and are based on the region that creates a "local" market both economically and in terms of the technical hubs and aggregation points for wireline communications traffic. IntraLATA traffic is traffic that originates and terminates in the same LATA, but is "long distance" because it is not in the same local calling area, and IntraLATA traffic is regulated by the states rather than the FCC.

24. North County connects, or "terminates," local area and intraLATA calls sent to North County's end users by the Defendants' end users.

25. North County incurs costs in terminating local area and intraLATA calls sent to North County's end users by the Defendants' end users.

26. North County has an obligation to accept traffic from Defendants pursuant to 47 U.S.C. 251(a)(1): "Each telecommunications carrier has the duty to interconnect directly or indirectly with the facilities and equipment of other telecommunications carriers."

27. Defendants have a duty to compensate North County for completing their calls. State utilities commissions have historically overseen the determination of what constitutes local traffic and how it is compensated.

28. The Oregon Public Utilities Commission, unlike many states, decided that it does not have the statutory authority to require CLEC's to file tariffs. The Oregon Public Utilities Commission therefore left enforcement of the duty of intercarrier compensation among CLEC's such as Plaintiff and Defendants here up to private

compensation agreements (usually "interconnection agreements") or the state laws of equity in the rare situation where there is no contract.

29. The Defendants send traffic to the Plaintiff in the absence of an interconnection agreement or a reciprocal compensation arrangement.

30. North County has, and has had for the entire time complained of herein, a valid public price list available to interconnecting carriers.

31. North County began sending monthly bills to the Defendants for traffic termination in January, 2003.

32. Consistent with North County's price list and the FCC's traffic termination default rate, North County billed the defendants $0.004 per minute and $0.007 per call set-up.

33. Defendants have refused to pay these charges billed pursuant to the price list and equitable duty to pay for services rendered.

34. Defendants have continued sending traffic to the Plaintiff's end users, which North County must connect, without compensating Plaintiff for call set-up or minutes of use.

## FIRST CLAIM FOR RELIEF

### (Breach of Implied Contract - Against All Defendants)

35. Plaintiff incorporates by reference the allegations in paragraphs 1 through 34, above, as though fully set forth herein.

36. Defendants used and continue to use the call termination services provided by North County by transmitting local and intraLATA calls to North County's local exchange switching facilities over Defendants' networks.

37. Defendants have received monthly invoices from North County for call termination services and were aware during the relevant time period that they were using North County's call termination services.

PAGE 6 –   AMENDED COMPLAINT

38.     North County provided the call termination services in question with the expectation that it would receive payment for providing such services.

39.     Under the implied obligation based on Defendants' use of North County's network, Defendants were required to make certain performances, including but not limited to, making payments to North County for the use of North County's call termination services.

40.     Defendants breached their implied obligation to North County by failing to make payments to North County after using and being billed for North County's local call termination services.

41.     North County has performed all of the conditions, covenants and promises required of it to be performed in accordance with the terms and conditions of the implied agreements by providing the aforementioned local call termination services to Defendants.

42.     Defendants did pass traffic to North County which it must terminate to the call recipient and such conduct gives rise to an implied contract in the absence of a formal one.

43.     No reasonable person could believe that North County was providing a gift or terminating the traffic without expectation of compensation due to North County billing for services rendered and the continued termination of traffic after repeated billings.

44.     The fair value of the services rendered is set by North County's public price list.

45.     As a result of the foregoing, Plaintiff has been damaged by Defendants refusal to pay publicly announced rates in an approximate amount of $ 75,000, with the exact amount to be determined at the time of trial.

/ / /

/ / /

PAGE 7 –   AMENDED COMPLAINT

KENT & JOHNSON, LLP
1500 SW Taylor Street
Portland, Oregon  97205
(503) 220-0717

## SECOND CAUSE OF ACTION

### (Unjust Enrichment - Against All Defendants)

46.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 45, above, as though fully set forth herein.

47.     Defendants have received a significant financial benefit by using North County's call termination services.

48.     North County conferred that benefit on Defendants with the expectation that North County would receive compensation for providing the aforementioned call termination services to Defendants.

49.     Defendants have retained, at the expense of North County, a significant financial benefit from the call termination services provided by North County because Defendants have not paid for the call termination services North County provided to them.

50.     Under equitable principles, it would be unjust and unconscionable for Defendants to retain the financial benefit conferred on them by North County's providing call termination services, and as such, Defendants should be required to pay North County for the call termination services North County provided, plus interest from January 2003.

## THIRD CLAIM FOR RELIEF

### (Quantum Meruit - Against All Defendants)

51.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 50, above, as though fully set forth herein.

52.     In order to maintain the ubiquity and seamlessness of the telecommunications system, Plaintiff is required to terminate calls which originate on Defendants' networks and which are intended for Plaintiff's end-users.

53.     Plaintiff terminated these calls and incurred costs in the process.

54.     Defendants knowingly accepted, used, enjoyed and benefitted from the services provided by the Plaintiff.

PAGE 8 –   AMENDED COMPLAINT

55. North County sent bills to the Defendants reflecting the reasonable value of the services provided in the approximate amount of $75,000, with the exact amount to be determined at trial.

56. The Defendants have not disputed the reasonable value of the services provided or the billings sent, nor have they paid said bills.

57. It would be unjust to allow the Defendants to have the benefit of Plaintiff's services without paying reasonable compensation for these benefits and the Defendants should be so ordered to pay.

58. Plaintiff is entitled to an award of its reasonable attorney fees and costs pursuant to 47 U.S.C. §§ 201, 206.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief - Against All Defendants)

59. Plaintiff incorporates by reference the allegations in paragraphs 1 through 58, above, as though fully set forth herein.

60. North County seeks a judicial determination and declaration of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Or. Rev. Stat. § 20.010.

61. Plaintiff asserts that it is entitled to be compensated for the termination of traffic which the Defendants sent and continue to send to Plaintiff's end-users and Plaintiff is informed and believes that the Defendants deny their obligation to pay the Plaintiff reciprocal compensation. As a result, an actual controversy exists between the parties; and, it is in the interests of judicial economy for this court to determine: (1) the number of calls and the number of minutes originating on the Defendants' networks and terminated on the Plaintiff's network up through the time of trial; (2) that the Plaintiff is entitled to receive mutual compensation for the termination of calls to Plaintiff's end-users which originate on the Defendants' networks; and (3) that the Defendants are required to commit to compensate Plaintiff at the public price list rate.

PAGE 9 –   AMENDED COMPLAINT

62. Plaintiff is entitled to an award of its reasonable attorney fees and costs pursuant to 47 U.S.C. §§ 201, 206.

WHEREFORE, Plaintiff prays for judgment in its favor and against defendants as follows:

(1) On its First and Second Claims for Relief, for damages in the amount of at least $75,000;

(2) On its Third Claim for Relief, for a declaration of the parties' rights and responsibilities with respect to (i) the number of calls and the number of minutes originating on the Defendants' networks and terminated on the Plaintiff's network for the time relevant to this complaint, (ii) the Plaintiff's entitlement to receive mutual compensation for the termination of calls to Plaintiff's end-users which originate on the Defendants' networks, and (iii) the Defendants' obligation to compensate Plaintiff at a rate to be determined by the appropriate regulatory body, or else refrain from sending any traffic to Plaintiff's end-users;

(3) For its reasonable attorneys' fees;

(4) For costs of suit incurred herein; and

(5) Such other and further relief as justice may require.

**PURSUANT TO FED. R. CIV. PROC. 38, PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

DATED this 3rd day of March, 2010.

      */s/ Leslie S. Johnson*
Christopher H. Kent, OSB#852530
ckent@kentlaw.com
Leslie S. Johnson, OSB#954727
ljohnson@kentlaw.com
(503) 220-4299 (FAX)
Attorneys for Plaintiff

59992

PAGE 10 –  AMENDED COMPLAINT